UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE, D.C.
LODGE 1, DPS LABOR COMMITTEE,
INC. 711 4th Street, N.W. Washington,
D.C. 20001

CIVIL ACTION NO. _____

v.

ROBERT M. GATES, in his official
capacity as Secretary of the Department
of Defense, 1000 Defense Pentagon,
Washington, DC 20301-1000

Defendant.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR REVIEW OF ADMINISTRATIVE ACTION**

Plaintiffs Fraternal Order of Police, D.C. Lodge 1, Defense Protective Service Labor Committee, Inc., individually and on behalf of all other police officers similarly situated, sues the Defendant Robert M. Gates, in his official capacity as Secretary of the United States Department of Defense for declaratory and injunctive relief and to review and compel agency action unlawfully withheld.

**JURISDICTION AND VENUE**

1. This action arises under the First and Fifth Amendments to the United States Constitution and the Administrative Procedures Act, (APA), 5 U.S.C. §701, et. seq.

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (deprivation of civil rights) and 5 U.S.C. §701-706 (judicial review of agency action).

3. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4. Venue is proper pursuant to 28 U.S.C. §1391.

5. Plaintiffs have exhausted their administrative remedies prior to initiating this action.

## PARTIES

6. At all times material herein, Plaintiff Fraternal Order of Police, D.C. Lodge 1, Defense Protective Service Labor Committee, Washington, DC, (FOP) is a certified labor organization and the exclusive representative of police officers employed by the Department of Defense, Pentagon Force Protection Agency, concerning personnel policies and practices and other conditions of employment.

7. At all times material herein, Robert M. Gates, is the Secretary of the Department of Defense (DoD), and is responsible for the operation and administration of the Department of Defense.

8. The Pentagon Force Protection Agency (PFPA) is an agency within the Department of Defense and at all times subject to the authority and control of the Secretary of Defense.

## BACKGROUND AND FACTUAL ALLEGATIONS

9. The plaintiff repeats and realleges the allegation contained in paragraphs 1 through 8 as though full set forth herein.

10. The FOP, is an organization created to represent the interests of its membership concerning the terms and conditions of employment with the defendant. The FOP is the exclusive representative for police officers at the defendant for purposes of collective bargaining with the

DoD.

11. The FOP fosters fraternalism among its members and seeks to encourage member participation in the organization for the purpose of assisting the FOP in meeting its goals and objectives.

12. Membership in the FOP by DoD PFPA police officers is voluntary. FOP membership entitles the plaintiffs to legal representation in matters concerning terms and conditions of employment.

13. Membership in the FOP also affords members access to legal representation by attorneys retained by the FOP for the purpose of bring legal action against the defendant even though the member would have a right to bring a suit in their own right.

14. The FOP has an obligation to its members to provide legal representation and assistance on behalf of any member concerning all matters relating to a member's employment with the defendant.

15. Accordingly, the interests the FOP seeks to protect in this proceeding are germane to the FOP's purpose.

16. Neither the claims asserted by the FOP nor the relief requested requires the participation of individual members in this lawsuit.

17. The FOP represents the interests of all of its members who are presently under administrative and/or criminal investigation by the agency for alleged violations of the agency's rules of conduct or Title 18 of the United States Code.

18. As federal employees, the FOP's members specified in paragraph 17 have constitutional and/or statutory rights:

      a.      to investigate and prepare a proper defense to allegations of misconduct or violations of criminal law;

      b.      to speak with other members of the FOP concerning allegations of misconduct or violations of criminal laws;

      c.      to locate witnesses and speak with potential witnesses concerning allegations of misconduct or violations of criminal laws;

      d.      to speak with and discuss with any other person concerning allegations of misconduct or violations of criminal law; and

      e.      To meet with FOP officials and discuss with them facts concerning allegations of administrative or criminal misconduct or any investigation conducted by the defendant;

      f.      to speak and comment on matters of public concern.

19.      Police officers represented by the FOP are subject to loss of their security clearances, loss of access to their place of employment, criminal charges and/or administrative charges for violation of the defendant's general orders and directives.

20.      PFPA Form 83 is a current form adopted by and in regular use by the defendant when a member of the FOP is under administrative or criminal investigation.

21.      Under its expressed terms, PFPA Form 83 directs that a member of the FOP *may not*:

      a.      discuss an investigation with co-workers, witnesses, victims, suspects or other non-legal parties; or

      b.      disclose or disclose investigation information without the expressed written consent of the Criminal Investigative Division.

22. PFPA Form 83 further warns an FOP member that "unauthorized disclosure of information associated with this case may be viewed as an attempt to hinder the investigative process, impede justice, or alter the results of the investigation and maybe subject to criminal and/or administrative charges."

23. PFPA Form 83 also informs an FOP member that he or she can only discuss information from the investigation with an attorney hired by the member, a prosecutor of the United States Government, Commonwealth of Virginia or any State's Attorney's Office.

24. PFPA Form 83 cautions an FOP member that information disclosed to the FOP member during the course of the investigation is not for dissemination to the general public.

25. Under its expressed warning, PFPA Form 83 informs an FOP member under administrative or criminal investigation that violation of the form may result in "adverse actions which may include, but not limited to, the loss of my security clearance, access to my place of employment, criminal charges and administrative charges."

26. PFPA Form 83 further informs the FOP member that the United States Government may seek any remedy available to enforce the Agreement.

27. PFPA Form 83 also restricts an FOP member's right to disclose information received from an agent without the express consent of the a Criminal Investigation Agent.

28. PFPA Form 83 compels an FOP member to "acknowledge my responsibility to protect information associated with this investigation. . ." and to ". . .solemnly swear or affirm to protect that information."

29. Lastly, the plaintiff as well as all other FOP members represented by the plaintiff will now or in the foreseeable future meet to discuss PFPA administrative or criminal

investigations and the facts surrounding those investigations. Thus, the plaintiff and its memebrs will likely be prosecuted by the defendant under color of federal law for alleged violation of PFPA Form 83.

## FIRST CAUSE OF ACTION
### Violation of Constitutional Rights Under the APA
### (Infringement on First Amendment Rights -- Prior Restraint)

30. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31. Through its continued use by the defendant, PFPA Form 83 places unbridled discretion in the hands of the defendant in prohibiting or sanctioning speech.

32. Through its continued use by the defendant, PFPA Form 83 places unbridled discretion in determining whether to allow protected speech.

33. Through its continued use by the defendant, PFPA Form 83 presents an unacceptable risk of both indefinitely suppressing and chilling protected speech.

34. The continued use of PFPA Form 83 by the defendant, presents an impermissible dangers that a government official may decide to exercise his judgment to suppress speech or that an FOP member may feel compelled to censor his own speech.

35. A violation of the mandates of PFPA Form 83 has a continuing and present adverse effect on FOP members, in that it may result in, adverse actions which may include, but are not limited to, the loss of security clearance, access to the defendant's place of employment, criminal charges and administrative charges.

36. Moreover, PFPA Form 83 realistically and substantially goes beyond any reasonable or legitimate area of state regulation and has not been narrowly tailored to serve a

compelling state interest.

37. Thus, the censorship that the defendant seeks to impose under PFPA Form 83 is more extreme than necessary to effectuate its investigative goals.

38. The actions of the defendant in its use of PFPA Form 83 is contrary to plaintiff's and its member's constitutional rights, powers, privileges or immunities under the First Amendment to the United States Constitution, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B).

## SECOND CAUSE OF ACTION
### Violation of Constitutional Rights Under the APA
### (Infringement on First Amendment Rights -- Overbreadth)

39. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40. PFPA Form 83 is so broad that it inhibits the First Amendment rights of the plaintiff and other FOP members.

41. PFPA Form 83 is so broadly written that its very existence has the potential to chill lawful, legitimate expressive activity by the plaintiff and other FOP members.

42. PFPA Form 83 realistically and substantially goes beyond any reasonable or legitimate area of government regulation and has not been narrowly tailored to serve a compelling government interest.

43. Moreover, PFPA Form 83 is not susceptible of any construction that would eliminate any constitutional infirmity.

44. In this regard, PFPA Form 83 illegally proscribes, under threat of criminal and administrative sanctions, the plaintiff's and other FOP Member's constitutional right to maintain

lawful expressive associations.

45. Thus, PFPA Form 83 has both a chilling and potentially inhibiting effect on speech protected by the First Amendment to the United States Constitution.

46. The actions of the defendant in its use of PFPA Form 83 is contrary to plaintiff's and its member's constitutional rights, powers, privileges or immunities under the First Amendment to the United States Constitution, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B).

## THIRD CAUSE OF ACTION
### (Violation of Constitutional Rights Under the APA)
### (Infringement on First Amendment Rights -- Freedom of Association)

47. Plaintiff repeats and realleges the allegations set for in paragraphs 1 through 46 as though fully set forth herein.

48. In furtherance of its lawful business objectives and under federal law, the plaintiff is obligated to represent and associate with various FOP members and individuals for the purpose of engaging in those activities protected by the First Amendment.

49. In the same vein, the plaintiff, as well as its members, have a constitutional right to associate with the FOP union, its members and employees in the lawful pursuit of a wide variety of social, economic, educational and cultural ends.

50. The use of PFPA Form 83 by the defendant is clearly aimed at the suppression of speech, expressive and intimate associations and the wide variety of social, economic, educational and cultural ends of the plaintiff and its members.

51. The plaintiff and its members violate PFPA Form 83 if they engaged in any conduct proscribed in paragraphs 21-28 supra.

52. Thus, Form 83 impermissibly proscribes speech and associations for a lawful purpose and proscribes speech and associations with classes of other individuals who are law abiding citizens.

53. There is no compelling government interest in preventing the plaintiff from talking or associating with individuals concerning an administrative or criminal investigation.

54. Use of PFPA Form 83 has not been narrowly tailored to achieve a compelling government interest.

55. Thus, PFPA Form 83 has both a chilling and potentially inhibiting effect on associations protected by the First Amendment to the United States Constitution.

56. The actions of the defendant in its use of PFPA Form 83 is contrary to plaintiff's and its member's constitutional rights, powers, privileges or immunities under the First Amendment to the United States Constitution, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B).

## FOURTH CAUSE OF ACTION
### Violation of Constitutional And Statutory Rights Under the APA
### (Fifth Amendment - Equal Protection of the Law)

57. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58. The actions of the defendant in utilizing PFPA Form 83, is contrary to plaintiff's and its member's constitutional rights powers, privileges or immunities under the Fifth Amendment to the United States Constitution and denies the plaintiffs equal protection under the law and, therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B) and 5 U.S.C. §706(2)(C).

### FIFTH CAUSE OF ACTION
**Arbitrary and Capricious Action in Violation of
the Administrative Procedures Act**

59. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 58 as though fully set forth herein.

60. The actions of the defendant in utilizing PFPA Form 83, is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A).

### PRAYER FOR RELIEF

*WHEREFORE*, the Plaintiff demands judgment against the Defendant and requests that this Court:

A. Declare that the defendant's actions in utilizing PFPA Form 83 is unconstitutional under the First and Fifth Amendments to the United States Constitution and a denial of equal protection of the law;

B. Declare that the defendant's action in utilizing PFPA Form 83 is: (I) contrary to the plaintiff's and its member's constitutional rights; (ii) in excess the defendant's statutory authority; (iii) arbitrary and capricious; and (iv) otherwise not in accordance with the law and therefore, not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A), (B) and (C).

C. Enjoin the defendant from further use of PFPA Form 83 without specific approval from the Court;

D. Award attorney fees and costs incurred in bring this action; and

E. Such further relief as the Court deems just and proper.

       Respectfully submitted,


       ***/s/ Stephen G. DeNigris, Esq.***
       Stephen G. DeNigris, Esq.
       D.C. Bar No. 440697
       Attorney for the Plaintiffs
       2100 M Street, N.W. Suite 170-283
       Washington, D.C. 20037-1233

       (703)416-1036       Office
       (703)416-1037       Office Fax

       **E-mail:**       **sgd853@aol.com**

Dated: October 17, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Fraternal Order of Police, Defense Protective Service Labor Committee, 711 4th St NW Wash. DC 20001

### DEFENDANTS
Robert M. Gates, in his official capacity, as Secretary of Defense, 1000 Defense Pentagon, Wash. DC 20301-1000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DC**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen G. DeNigris, Esq. 2100 M St NW Ste 170-283, Washington, DC 20037

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | 151 Medicare Act<br><br>Social Security:<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g)<br>Other Statutes<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>**x** 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent, Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property<br><br>Personal Property<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br><br>Property Rights<br>820 Copyrights<br>830 Patent<br>840 Trademark<br><br>Federal Tax Suits<br>870 Taxes (US plaintiff or defendant<br>871 IRS-Third Party 26 USC 7609 | 610 Agriculture<br>620 Other Food &Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 RR & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other<br><br>Other Statutes<br>400 State Reapportionment<br>430 Banks & Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
1st & 5th Amd. Rights of Speech & Association US Constitution, 5 USC Sec. 701, et. seq. (APA) - Challenge to Agency Action

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 0.0    JURY DEMAND:   YES   NO ✗
Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒   NO ☒    If yes, please complete related case form.

DATE  10/17/2007    SIGNATURE OF ATTORNEY OF RECORD  [signature]  DC BAR 440697

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.